CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 0 6 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 7:06CR10056 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | By: Hon. Glen E. Conrad |
| PATRICK BERNARD HARVEY | ) | United States District Judge |

This case is before the court on the defendant's motion to suppress evidence. The defendant contends that his stop and the subsequent search of his vehicle on July 27, 2006 violated his rights under the Fourth Amendment. The defendant was charged in a one-count indictment with knowingly and intentionally possessing with intent to distribute marijuana on July 27, 2006. For the reasons stated below, the court will deny the defendant's motion to suppress.

## FACTUAL BACKGROUND

The defendant's vehicle was stopped by National Park Ranger Katie Pitzenberger on July 27, 2006 for turning left onto the Blue Ridge Parkway without utilizing a turn signal. Pitzenberger testified at a hearing on this matter that she approached the vehicle after the stop and requested the defendant's license. During her conversation with the defendant, she noticed that the defendant's hands were shaking so hard that he could not get his license. She also could smell an odor of marijuana coming from the vehicle. National Park Ranger Jon Anthony, who had reported to the scene as back-up, also stated that he could smell marijuana inside the vehicle.

Pitzenberger asked the defendant for consent to search his vehicle, which he refused. She then ordered the defendant to exit the vehicle, and observed a green leafy material in the center

console area. Pitzenberger performed a search of the vehicle with Anthony. As a result of the search, they recovered five individually labeled jars, containing a substance thought to be marijuana. They also recovered a total of 42 bags containing a substance suspected to be marijuana, and 12 canning jars containing suspected marijuana. A de-seeder, a cigarette roller, rolling papers, and suspected marijuana pipes were also recovered during the search.

The defendant has filed a motion to suppress evidence obtained during the search, and a hearing was held on February 21, 2007.

## DISCUSSION

The defendant has filed a motion to suppress evidence obtained during the search of the his vehicle. According to the defendant, the officer who stopped the vehicle did not possess reasonable articulable suspicion of a traffic infraction, and stopped the defendant's vehicle for a pretextual reason. Furthermore, the defendant contends that Pitzenberger and Anthony did not have probable cause to search his vehicle after the traffic stop. The government has claimed that there was reasonable articulable suspicion to stop the defendant, based upon a belief that the defendant was committing a traffic infraction, and that there was probable cause to search the defendant's car because the officers smelled marijuana.

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." U.S. Const. amend. IV. A warrantless search and seizure is presumptively unlawful; the government bears the burden to prove that the search and seizure falls under an established exception. See United States v. Smith, 396 F.3d 579, 585 (4th Cir. 2005).

2

An automobile stop "must be justified by probable cause or a reasonable suspicion, based on specific and articulable facts, of unlawful conduct." United States v. Wilson, 205 F.3d 720, 722-23 (4th Cir. 2000). As the United States Court of Appeals for the Fourth Circuit has held, an officer can stop a vehicle after observing a traffic infraction. United States v. El, 5 F.3d 726, 730 (4th Cir. 1993).

For the traffic stop to be lawful, Pitzenberger must have possessed "some minimal level of objective justification," United States v. Sokolow, 490 U.S. 1, 7 (1989), that Harvey was committing a traffic infraction. At the hearing, Pitzenberger testified that her stop was based on Harvey's violation of § 46.2-851 of the Virginia Code. Va. Code Ann. § 46.2-851 (2006) (signals prior to moving standing vehicles into traffic) (applied to park areas by 36 C.F.R. § 4.2). That Code section provides, "[d]rivers of vehicles stopped at the curb or edge of a highway, before moving such vehicles, shall signal their intentions to move into traffic, as provided in this article, before turning in the direction the vehicle will proceed from the curb." Id. Pitzenberger's report described that she saw the defendant's vehicle come to a stop sign on Black Ridge Road, then turn left onto the Parkway without a turn signal. Based on this observation, she initiated the vehicle stop.

At the hearing, the defendant testified that he used his turn signal at the intersection. However, from the evidence presented at the hearing, the court finds that Pitzenberger was not lying about the turn signal operation, and that none of the defendant's evidence demonstrated that Pitzenberger had a propensity to lie or to make a traffic stop without a reasonable basis. A number of witnesses who were called by the defendant testified that they had also been pulled over by Pitzenberger, and all of the witnesses in fact admitted that they had committed the traffic

3

infractions for which they were stopped, although they were minor. This evidence tended to support Pitzenberger's claim that she often pulled over vehicles for minor traffic infractions. In addition, the defendant's witness, Charlie Schultz, testified that he was following Harvey in his car, and that Harvey therefore signaled well in advance of turning. The defendant also testified that he was giving his friend a great deal of "lead time" when signaling for turns. However, neither the defendant nor Schultz said that the turn signal was still on at the time that the defendant negotiated the left turn.

Even if Pitzenberger was mistaken about the turn signal, the mistake of fact was objectively reasonable, and the stop was valid. See United States v. Arias, 2007 WL 86815 (4th Cir. 2007) (stating that if an officer makes a traffic stop based on a mistake of fact, the stop is valid if the mistake of fact was objectively reasonable). Therefore, the court concludes that the stop of the defendant's vehicle was proper, based upon reasonable articulable suspicion. Furthermore, the court concludes that no evidence established that the stop of Harvey's vehicle was pretextual.

The next issue is whether the search of the defendant's vehicle was justified by probable cause. As an exception to the warrant requirement of the Fourth Amendment, a search may be justified if a reasonable person, under the totality of the circumstances, would believe that contraband would be found in a particular place. United States v. Humphries, 372 F.3d 653, 659 (4th Cir. 2004) (citing Ornelas v. United States, 517 U.S. 690, 696 (1996); Illinois v. Gates, 462 U.S. 213, 238 (1983)). The Fourth Circuit has held that "the odor of marijuana alone can satisfy the probable cause requirement to search a vehicle ...." United States v. Scheetz, 293 F.3d 175, 184 (4th Cir. 2002). In this case, Pitzenberger testified that she noticed the strong odor of

4

marijuana plants from the defendant's vehicle. She also said that she considered the defendant's nervousness, evidenced by his shaking hands, in deciding to search the vehicle. See United States v. Mayo, 361 F.3d 802, 806 (4th Cir. 2004) (internal citations omitted) (one factor considered under the totality of the circumstances analysis is nervous behavior, including shaking hands). Pitzenberger's testimony was further supported by that of Anthony, who testified at the hearing that he also smelled marijuana in the defendant's vehicle. The court therefore finds the testimony that the vehicle smelled of marijuana to be credible, and concludes that there was probable cause to search the defendant's vehicle.

For the foregoing reasons, the court concludes that Pitzenberger had reasonable articulable suspicion to stop the defendant's vehicle. Once the stop occurred and she smelled marijuana in the vehicle, she had probable cause to search the vehicle. Therefore, the defendant's motion to suppress will be denied.

## CONCLUSION

Because there was reasonable articulable suspicion to stop the defendant's vehicle, which resulted in probable cause to search the vehicle, the defendant's motion to suppress will be denied.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to all counsel of record.

ENTER: This 6th day of March, 2007.

*/s/ Glen Conrad*

United States District Judge

5